State *v.* Trueblood.

---

THE STATE *v.* TRUEBLOOD ET AL.

[No. 3,179.    Filed October 10, 1899.]

COUNTY COMMISSIONERS.—*Allowance of Illegal Claim.— Criminal Prosecution.—Curative Act.*—An indictment returned against the board of county commissioners for allowing a claim against the county for the expenses of holding a gravel-road election, contrary to the provisions of §6924 Burns 1894, was properly quashed after the passage of the act of February 24, 1899 (Acts 1899, pp. 128-130), which legalized such payments.

From the Lawrence Circuit Court. *Affirmed.*

W. L. *Taylor*, Attorney-General, *J. A. Zaring, McHenry Owen* and *S. B. Lowe,* for State.

*Matson & Giles, Edwards & Edwards* and *Hottel & Lawler,* for appellees.

WILEY, J.—Appellees constituted the board of commissioners of Lawrence county. One of the township trustees of said county filed a verified claim in the auditor's office for the expenses of holding a gravel-road election. The appellees, acting as a board of commissioners, after making some deductions thereon, allowed the claim. For this action they were jointly indicted. The indictment, omitting the formal parts, was in the following language: "That one Henry C. Trueblood, Daniel B. Guthrie and Ambrose K. Sears * * * were then and there duly elected, qualified, and acting members of the board of commissioners of said county, by reason of which they and each of them were officers under the laws of the State of Indiana. That on the 28th day of February, 1898, one Homer West who was then and there the duly elected, qualified, and acting trustee of Shawswick township in said county filed his verified claim in the office of the auditor of Lawrence county for the sum of two hundred and sixty-five dollars and seventy cents ($265.70) for the total expenses of a gravel-road election held in Shawswick township in said county on the 26th day of February, 1898. That nothing was due on said claim from said county or its said board of commissioners. That said county was not liable for said claim in any event. That the same was chargeable to the petitioners for the roads voted for at said election, who alone were liable for said claim. That in the month of March, 1898, said claim came before said board of commissioners * * * for consideration and action. That it then and there became and was the duty of said commissioners to vote to reject said claim, but said Henry C. Trueblood, Daniel B. Guthrie and Ambrose K. Sears commissioners aforesaid and each of them then and there unlawfully and extorsively failed and refused to perform the duties of their said offices within the time and in the manner prescribed by law, in this to wit: They each unlawfully and extorsively failed

to vote to reject said claim, but each then and there voted to cut and reduce said claim to the sum of two hundred and twenty-three dollars and seventy cents ($223.70) for which sum said commissioners each voted to allow and did allow said claim."

The appellees jointly moved to quash the indictment, which motion was sustained; the State excepted, and has assigned such ruling as error. We are informed by the prosecuting attorney and other counsel representing the State in this appeal, that the indictment is based on §2018 Horner 1897. So much of that section as is applicable to the question for decision is as follows: "Any officer under the Constitution or laws of this State, * * * who fails to perform any duty in the manner and within the time prescribed by law, shall, upon conviction thereof, be fined," etc. It is the theory of the State, as expressed by counsel in their brief, that it was the duty of the appellees, as members of the board of commissioners, to vote to reject and disallow the claim, and that in voting to allow it, they failed to perform their duties as officers under the law, "in the manner and within the time prescribed by law." Under the statute as it existed when this prosecution was commenced, it may be conceded that the costs of an election for a free gravel road was not a valid and binding claim against the county, for the statute in express terms made the petitioners liable for such costs (§6924 Burns 1894), and hence the board of commissioners were not authorized to allow the claim specified in the indictment. But notwithstanding this, we are inclined to the view that the State has mistaken its remedy, if any, and that the acts charged do not constitute any offense under §2018, *supra.* But if we are wrong in this, the enabling act approved February 24, 1899, relieves the appellees from any criminal liability. That act was amendatory of an act of March 7, 1895 (§6924, *supra*), and section two of the amendatory act (see Acts 1899, pp. 128, 129,

130), provides: "§2. In all counties in the State of Indiana, wherein the boards of county commissioners have heretofore paid the costs of elections out of any public funds which costs were incurred in holding an election for the construction of a free gravel, stone or macadamized road as provided in the act approved March 7, 1895, the action of said boards of county commissioners in paying all such costs are hereby legalized and made valid."

The amendatory and enabling act just cited contained an emergency clause, and was approved and went into effect February 24, 1899. The indictment was returned December 28, 1898, and on February 27, 1899, the motion to quash was made and sustained. By the enabling act, the payment of the costs of the gravel-road election, which the appellees as a board of commissioners voted to and did allow, was legalized and made valid. It follows, therefore, that when the court below entertained and sustained the motion to quash the indictment, the action of the appellees in voting to allow the claim had been declared legal and valid by the legislature. The trial court correctly sustained the motion to quash.

Judgment affirmed.